865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANA CORPORATION, Plaintiff-Appellee,
v.
FIREMAN'S FUND INSURANCE COMPANIES, et al., Defendants,
The Celotex Corporation, Defendant-Appellant.
 No. 87-4012.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1988.
 
 Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Celotex Corporation appeals an order of the United States District Court for the Northern District of Ohio enjoining it from instituting new actions or claims in any court and from further prosecuting claims currently pending in the federal courts against plaintiff Dana Corporation.
 
 
 2
 The injunction was entered in two of three consolidated actions each of which concerns the scope of the indemnity provision contained in a 1969 stock purchase agreement whereby a predecessor in business of Celotex purchased from Dana all of the outstanding capital stock of Dana's wholly-owned subsidiary, Smith & Kanzler Company. Under the provision, Dana agreed to indemnify Celotex's predecessor for all "obligations and liabilities [of Smith & Kanzler Company] ... arising on or before November 30, 1968."
 
 
 3
 Celotex is currently being sued in thousands of asbestos cases, many of which are allegedly based upon conduct of Smith & Kanzler Company which is covered by the indemnity provision. In these cases, Celotex allegedly has asserted or sought to assert its right to indemnity from Dana under the agreement.
 
 
 4
 Dana instituted this action against its insurers on December 23, 1983, seeking a declaration of which of its insurers is obliged to defend and indemnify it in the underlying asbestos cases. On September 11, 1984, the district court ordered Celotex to be joined in the action before it. Pursuant to that order, Dana filed a claim for declaratory relief against Celotex regarding the interpretation and effect of the indemnity provision. Thereafter, two cases involving Dana and Celotex were transferred from other circuits and all three cases were consolidated. On May 2, 1985, the United States District Court for the Middle District of Florida transferred case No. C 85-7491, to the Northern District of Ohio. In case No. C 85-7491, Celotex sought a declaration of the scope of the indemnity provision as it applied to property damage claims for removal or containment of asbestos installed in buildings. On January 22, 1985, case No. C 85-7090 was transferred to the Northern District of Ohio from the Southern District of Georgia. Case No. C 85-7090 involved an asbestos-related bodily injury and death claim made by Jack H. Lee against Celotex and Dana, and Celotex filed a cross-claim for indemnity against Dana under the terms of the agreement. Before the Lee case was transferred, Dana and Celotex filed cross-motions for summary judgment on the indemnity agreement. On January 12, 1987, the district court filed an order denying Celotex's motion for summary judgment on its claim for indemnity in the Lee case, dismissed Celotex's claim for indemnity in that case, and entered final judgment in favor of Dana.
 
 
 5
 Approximately nineteen months prior to the district court's dismissal of the Lee case, Dana had sought and was granted a temporary restraining order enjoining Celotex from instituting, directly or indirectly, new actions or claims in any court and from further prosecuting any claims currently pending in other federal courts. On March 25, 1986, pursuant to stipulation by the parties the district court entered a new order repeating the restrictions set out in the TRO. The stipulated order permitted Celotex to assert and file a claim for indemnification, in its discretion, if it would be precluded under penalty of waiver, estoppel or other bar from later indemnification. In that circumstance, both Celotex and Dana would jointly move for a stay of further proceedings on that claim.
 
 
 6
 The March 25, 1986 stipulated order was extended on numerous occasions by stipulation of the parties. However, once the district court entered its January 12, 1987 order dismissing Celotex's claim for indemnity in the Lee case, Celotex refused to stipulate to a continuation of the March 25, 1986 stipulated order. Dana then filed its motion for preliminary injunction. Under the terms of the stipulated order, the filing by Dana of its motion automatically continued the stipulated order until the district court granted the preliminary injunction. The district court granted Dana's motion for the preliminary injunction on October 29, 1987.
 
 
 7
 On appeal, Celotex contends that the district court abused its discretion in granting the preliminary injunction because it applied the wrong standards and improperly balanced the potential harm to the parties.
 
 
 8
 While the district court's October 29, 1987 order granting the preliminary injunction, unlike the March 25, 1985 stipulated order, does not contain a provision allowing Celotex to stay further proceedings in any case in which Celotex would be prejudiced by way of waiver or other defense without that stay, both parties have assured this court that there is no danger of prejudice in this regard. That being the case, we conclude that the district court did not err in applying the standards established by this circuit to guide a district court in its determination of whether a preliminary injunction is appropriate. See, e.g., Friendship Materials, Inc. v. Michigan Brick, Inc., 679 F.2d 100 (6th Cir.1982).
 
 
 9
 Although we conclude that the preliminary injunction was within the discretion of the trial judge, and therefore that we should not disturb its order, we are nonetheless bound to observe that this case has been ready for final disposition for some time now and that unquestionably all parties would be benefited by an early resolution on the merits of the issues involved. While an order maintaining the status quo for a limited period of time under the circumstances here is not an abuse of discretion, we observe that there is a potential of future prejudice to Celotex if the underlying litigation is not promptly resolved and the stay continues in effect indefinitely. Therefore, our affirmance does not prejudice Celotex's right to petition for a lifting of the injunction in the event of further delay or a showing of some new or different prejudice.
 
 
 10
 Accordingly, the order of the district court granting the preliminary injunction is AFFIRMED.